2012 MAY 31 AM 9:25

BY ____vam____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROHAN ANTHONY COOMBS,<br><br>                            Petitioner,<br><br>vs.<br><br>JANET NAPOLITANO, Secretary of the Department of Homeland Security; ERIC HOLDER, JR., Attorney General; ROBIN BARKER; JOHN A. GARZON, Field Office Director, U.S. Immigration and Custom Enforcement; and JOHNNY WILLIAMS, Officer in Charge,<br><br>                            Respondents. | CASE NO. 11-cv-2201 – BEN (BGS)<br><br>**ORDER:**<br><br>**(1) DISMISSING PETITION IN PART AS MOOT AND IN PART WITHOUT PREJUDICE;** and<br><br>**(2) DENYING AS MOOT MOTION TO APPOINT COUNSEL.** |

      Petitioner Rohan Anthony Coombs filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), alleging that he was being detained by the Department of Homeland Security ("DHS") without a bond hearing pending removal and seeking release from custody. Coombs, however, has already received a bond hearing. Liberally read, the Petition also alleges due process violations during the bond hearing. Respondents filed a return to the Petition, contending that the Petition should be dismissed as moot because Coombs was already granted a bond hearing. Respondents also assert that the Petition should be dismissed for failure to exhaust administrative remedies. Coombs filed a traverse. For the reasons set forth below, the Court **DISMISSES** the

Petition **AS MOOT** to the extent Coombs seeks a bond hearing. However, to the extent Coombs alleges due process violations during the bond hearing, the Court **DISMISSES** that portion of the Petition **WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

## BACKGROUND

Coombs, a native and citizen of Jamaica, immigrated to the United States as a lawful permanent resident in 1981. From 1987 until 1991, Coombs served in the United States Marine Corps, which included active combat in Kuwait. In 1991, following an honorable discharge, Coombs reenlisted in the Marine Corps. In 1993, Coombs was dishonorably discharged after pleading guilty to wrongfully possessing drug paraphernalia, possession of cocaine and marijuana with intent to distribute, wrongfully fleeing a Staff Sergeant, and wrongfully distributing cocaine and marijuana. Since then, Coombs has been convicted on three separate occasions (2006, 2007, and 2008) of, among other things, possession of a controlled substance (marijuana) for the purpose of sale. The 2007 and 2008 crimes occurred while Coombs was on probation.

Some time in 2008, Coombs came to the attention of Immigration and Customs Enforcement ("ICE"), an investigative branch of the DHS. On July 25, 2008, ICE initiated removal proceedings against Coombs, charging him with being removable pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony, and 8 U.S.C. § 1227(a)(2)(B)(I), as an alien convicted of a controlled substance offense. Due to his criminal convictions, Coombs was mandatorily detained under 8 U.S.C. § 1226(c) during his administrative removal proceedings. On several occasions, Coombs requested a redetermination of this custody decision, but all of those requests were denied.

On March 11, 2010, at the conclusion of the merits hearing, an immigration judge ("IJ") denied Coombs' motion to terminate removal proceedings and found Coombs removable as charged. The IJ ordered Coombs' removal from the United States to Jamaica. Coombs appealed the IJ's decision to the Board of Immigration Appeals ("BIA"). On August 31, 2010, the BIA dismissed Coombs' appeal. On September 23, 2010, Coombs filed a petition for review with the Ninth Circuit, which is still pending. Coombs sought a stay of removal, which the government did not oppose. On February 23, 2011, the Ninth Circuit granted a stay of removal pending judicial review of the removal order.

On June 6, 2011, the same IJ that presided over Coombs' removal proceedings granted

Coombs' request for bond redetermination pursuant to *Casas-Castrillon v. D.H.S.*, 535 F.3d 942 (9th Cir. 2008), and *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008). On July 11, 2011, the IJ issued an order denying bond. In a written decision, the IJ found that the government met its burden of showing, by clear and convincing evidence, that Coombs was a flight risk and a danger to the community. On September 21, 2011, Coombs filed the instant Petition. On October 27, 2011, Coombs filed an appeal from the IJ's order denying bond. On November 30, 2011, the BIA dismissed the appeal as untimely. (Pet.'s Traverse, Ex. F [Doc. No. 10-1].)

In response to the Court's Order to Show Cause, Respondents filed a return to the Petition, contending that the Petition should be dismissed as moot because Coombs was already granted a bond hearing. Respondents also assert that the Petition should be dismissed because Coombs failed to exhaust his administrative remedies. Coombs filed a traverse.

## DISCUSSION

### I.   Statutory authority for detention

The initial question for the Court is pursuant to which statutory authority Coombs is being presently detained. When Coombs was initially taken into INS custody, he was subject to mandatory detention pursuant to § 1226(c) as a result of his prior convictions. *See* 8 U.S.C. § 1226(c)(1)(B) ("The Attorney General *shall* take into custody any alien who . . . is deportable by reason of having committed any offense covered in section 1227(a)(2)(A)(ii), (A)(iii), (B), . . . of this title." (emphasis added)). The Attorney General may release an alien detained under § 1226(c) only for narrow reasons not implicated here. *See* 8 U.S.C. § 1226(c)(2).

After the BIA affirmed Coombs' order of removal and the Ninth Circuit issued a stay of removal, however, the Attorney General's authority to detain Coombs changed. As the Ninth Circuit explained in *Prieto-Romero* and *Casas-Castrillon*, once an alien's order of removal becomes administratively final and the court of appeals enters a stay of removal, the authority to detain the alien shifts from § 1226(c) to § 1226(a), which allows the Attorney General to detain any alien "pending a decision on whether the alien is to be removed from the United States." *See Casas-Castrillon*, 535 F.3d at 948; *Prieto-Romero*, 534 F.3d at 1059. An alien held under § 1226(a) is entitled to a bond hearing before an IJ. *See Casas-Castrillon*, 535 F.3d at 951.

## II.   Bond hearing

Section 1226(a) provides the authority for the Attorney General to conduct a bond hearing and release an alien on bond or detain him if necessary to secure his presence at removal. *See Casas-Castrillon*, 535 F.3d at 951. It does not, however, authorize prolonged or indefinite detention without adequate procedural protections. *See id.* at 950–51. "Because the prolonged detention of an alien without an individualized determination of his dangerousness or flight risk would be 'constitutionally doubtful,' [the Ninth Circuit] h[e]ld that § 1226(a) must be construed as *requiring* the Attorney General to provide the alien with [a bond] hearing." *Id.* at 951 (citation omitted). Accordingly, an alien is entitled to release on bond unless the government establishes "by clear and convincing evidence that an alien is a flight risk or a danger to the community." *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011). Notably, "an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA" is the sole remedy available to a habeas petitioner in Coombs' situation. *See Prieto-Romero*, 534 F.3d at 1065–66; *see also* 8 U.S.C. § 1226(a); *Casas-Castrillon*, 535 F.3d at 949.

In this case, Coombs already had "an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA." *See Prieto-Romero*, 534 F.3d at 1065–66. Specifically, on June 6, 2011, the IJ granted Coombs' request for bond redetermination pursuant to *Casas-Castrillon* and *Prieto-Romero*. On July 11, 2011, the IJ issued an order denying bond. (*See* Resp'ts' Return to Pet., Ex. H [Doc. No. 8-1].) Coombs also had an opportunity to appeal that determination the BIA.

Accordingly, to the extent Coombs seeks release from custody or a bond hearing before a neutral decisionmaker, the Court **DISMISSES** the Petition **AS MOOT** because the bond hearing provided Coombs with the sole remedy to which he was entitled.[1]

---

[1] The Court rejects Coombs' contention that the IJ who presided over his bond redetermination hearing was not an "independent adjudicator" because he also presided over Coombs' removal proceedings. *Joseph v. Holder*, 600 F.3d 1235 (9th Cir. 2010), on which Coombs relies, is inapposite. In *Joseph*, the Ninth Circuit concluded that it was impermissible for the IJ to consider her own notes from the bond hearing in determining the applicant's credibility at the removal hearing. *Id.* at 1241-43. The court, however, did not conclude that it was improper for the same IJ to preside over both hearings. If anything, the court suggested that such conduct was proper. *See id.* at 1242 (noting that "the IJ properly presided over both proceedings").

### III. Due process violations

In addition to seeking release from custody or a bond hearing, Coombs also alleges several due process violations during the bond hearing. Coombs, however, filed the present Petition before he appealed the IJ's denial of bond to the BIA. Specifically, Coombs filed the Petition on September 21, 2011, and he filed the appeal with the BIA on October 27, 2011. While the Petition was pending, the BIA dismissed Coombs' appeal as untimely. (Pet.'s Traverse, Ex. F.) The BIA also noted that the IJ's decision was now "final." (*Id.*) Nonetheless, despite the fact that the administrative proceedings are now "final," the Court is required to dismiss Coombs' Petition without prejudice pursuant to the Ninth Circuit's recent decision in *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011).

In *Leonardo*, similar to this case, the petitioner alleged that his prolonged detention was unlawful. *Id.* at 1159. While his habeas petition was pending, the Ninth Circuit decided *Casas-Castrillon* and *Prieto-Romero*. *Id.* In light of those decisions, the district court ordered the government to afford Leonardo a *Casas-Castrillon* hearing. *Id.* The government complied, and the IJ denied bond. *Id.* Rather than appeal the IJ's adverse bond determination to the BIA, Leonardo filed a motion for review of the IJ's decision in his pending habeas case, arguing that the hearing failed to satisfy due process or conform to the district court's previous order. *Id.* The district court denied the petition and Leonardo appealed to the Ninth Circuit. *Id.* Ultimately, Leonardo also appealed the IJ's adverse determination to the BIA. *Id.* The Ninth Circuit remanded with instructions for the district court to dismiss Leonardo's petition without prejudice. The court held that the proper procedure for challenging a *Casas-Castrillon* bond hearing was as follows:

> Once an alien has received a *Casas-Castrillon* bond hearing before an immigration judge (IJ), he may appeal the IJ's decision to the Board of Immigration Appeals (BIA). If the alien is dissatisfied with the BIA's decision, he may then file a habeas petition in the district court, challenging his continued detention. The district court's decision on the habeas petition may be appealed to this court.

*Id.* at 1159. "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies, unless exhaustion is excused." *Id.* at 1160 (citations omitted).

In this case, as in *Leonardo*, Coombs failed to exhaust administrative remedies before asking this Court to review the alleged due process violations during the bond hearing. Moreover, just like

in *Leonardo*, Coombs has not asked for a stay, nor has he demonstrated grounds for excusing the exhaustion requirement. *See id.* at 1160-61. Accordingly, even though the administrative proceedings are now "final," the Court is required to dismiss Coombs' Petition without prejudice. *See id.* at 1161.

## CONCLUSION

To the extent Coombs seeks release from custody or a bond hearing, the Court **DISMISSES** that part of the Petition **AS MOOT** because the bond hearing provided Coombs with the sole remedy to which he was entitled. On the other hand, to the extent Coombs alleges due process violations during his bond hearing, the Court **DISMISSES AS MOOT** that part of the Petition for failure to exhaust administrative remedies. To the extent Coombs has now exhausted his administrative remedies, he may file a new habeas action. *See Leonardo*, 646 F.3d at 1161.

Coombs' motion to appoint counsel is **DENIED AS MOOT**. [Doc. No. 5.]

**IT IS SO ORDERED.**

Date: May 26, 2012

Honorable Roger T. Benitez
United States District Judge